## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SALLY RIVET,** ) | |
| **Plaintiff** ) | |
| ) | |
| ) | |
| **v.** ) | **Civil No. _____** |
| ) | |
| ) | |
| **MONARCH RESOLUTION, LLC,** ) | |
| **ECLIPSE RESOLUTIONS, LLC** ) | |
| **and NATIONAL CHECK PROCESSING,**) | |
| **LLC,** ) | |
| **Defendants** ) | |

## COMPLAINT AND JURY TRIAL REQUEST

### *I. INTRODUCTION*

1.      Plaintiff Sally Rivet seeks damages under the Fair Debt Collection Practices Act, 15

U.S.C. §1692 *et seq.* ("FDCPA") and the Massachusetts Consumer Protection Act, M.G.L. Ch.

93A, as a result of the Defendants unlawful conduct in attempting to collect a consumer debt.

### *II. JURISDICTION AND VENUE*

2.      Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject

matter jurisdiction over these claims under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.  This

Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and adjudicate

Plaintiff's claims arising under state law.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that the Defendants

transacted business here and the conduct complained of occurred here.

### III. PARTIES

4.      Plaintiff Sally Rivet is an individual, who at all relevant times has resided in Bellingham, Norfolk County, Massachusetts.

5.      Defendant Monarch Resolutions, LLC, (hereinafter referred to as "Monarch") is a limited liability corporation engaged in the business of collecting debts in Massachusetts with its principal place of business located at 3397 Niagara Falls Blvd., North Tonawanda, NY 14120.

6.      Defendant Monarch does not maintain any offices or assets in the Commonwealth of Massachusetts.

7.      Defendant Eclipse Resolutions, LLC, (hereinafter referred to as "Eclipse") is a limited liability corporation engaged in the business of collecting debts in Massachusetts with its principal place of business located at 210 John Glenn Drive, Suite 5, Amherst, New York.

8.      Defendant Eclipse does not maintain any offices or assets in the Commonwealth of Massachusetts.

9.      Defendant National Check Processing, LLC, (hereinafter referred to as "NCP") is a limited liability corporation engaged in the business of collecting debts in Massachusetts with is principal place of business located at 10605 Theresa Drive, Jacksonville, Florida.

10.      Defendant NCP does not maintain any offices or assets in the Commonwealth of Massachusetts.

11.      Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

### IV.  FACTUAL ALLEGATIONS

12.      In January 2009, Plaintiff obtained a payday loan from SSM Group, LLC for $500.00 (hereinafter referred to as "SSM loan").

13.     In September 2009, Plaintiff received a phone call from Monarch, which contacted

Plaintiff to collect the SSM loan.

14.     Plaintiff agreed with Monarch to make two payments of $227.18 in full satisfaction of the

SSM loan.  Plaintiff made those payments to Monarch on or around September 21, 2009 and on

or around October 5, 2009.

15.     Upon information and belief, Monarch transferred its interest in Plaintiff's SSM loan to

Eclipse.

16.     In January 2010, Plaintiff received a phone call from Eclipse, which attempted to collect

the SSM loan.

17.     Eclipse told Plaintiff that a warrant would be issued for her arrest if she did not agree to

repay the SSM loan.

18.     Eclipse did not disclose to Plaintiff her right to request validation of the SSM loan.

19.     Plaintiff agreed to a repayment plan with Eclipse.  Plaintiff paid to Eclipse $348.95 on or

around January 25, 2010, and then $371.95 on or around February 8, 2010.

20.     Eclipse told Plaintiff that it would email her to confirm its receipt of her payments.

Plaintiff never received any confirmation messages from Eclipse.

21.     Upon information and belief, Eclipse transferred its interest in the SSM loan to NCP.

22.     On or around March 2, 2010, Plaintiff received a phone call from NCP, which attempted

to collect the SSM loan.

23.     Plaintiff spoke to a NCP employee, who identified herself as Alexis Cruz.  Cruz told

Plaintiff that NCP would seek a warrant for Plaintiff's arrest if she did not repay the SSM loan to

NCP.

24.     Plaintiff explained to Cruz that she settled and repaid the SSM loan to Eclipse.

Nevertheless, Cruz informed Plaintiff that she would have to repay the SSM loan to NCP to

avoid having a warrant issued for her arrest.

25.     Cruz did not disclose to Plaintiff her right to ask NCP to validate the SSM loan.

26.     On March 2, 2010, Plaintiff transmitted a Western Union money order to NCP for

$547.03.

27.     Monarch did not have a license to collect consumer debts in Massachusetts when it

attempted to collect and collected payment from Plaintiff.

28.     Eclipse did not have a license to collect debt in Massachusetts when it attempted to

collect and collected payment from Plaintiff.

29.     NCP did not have a license to collect debt in Massachusetts when it attempted to collect

and collected payment from Plaintiff.

30.     As a result of Defendants' actions set forth above, Plaintiff suffered financial loss,

damage to her credit, emotional distress, and mental anguish.

## COUNT I

31.     The allegations of paragraphs 1 – 30 are incorporated herein as if fully set forth.

32.     Defendant Monarch violated 15 U.S.C. § 1692e(2) by misrepresenting the legal status of

Plaintiff's SSM loan obligation as unpaid and then transferring it to Eclipse.

        WHEREFORE, Sally Rivet prays for judgment awarding actual and statutory damages,

costs, and reasonable attorney's fees.

## COUNT II

33.     The allegations of paragraphs 1 – 32 are incorporated herein as if fully set forth.

34.    Defendant Eclipse violated 15 U.S.C. § 1692e(2) by misrepresenting the legal status of

Plaintiff's SSM loan obligation as unpaid and then transferring it to NCP.

WHEREFORE, Sally Rivet prays for judgment awarding actual and statutory damages,

costs, and reasonable attorney's fees.

## COUNT III

35.    The allegations of paragraphs 1 – 34 are incorporated herein as if fully set forth.

36.    Defendant NCP violated 15 U.S.C. § 1692e(2) by misrepresenting the legal status of the

Plaintiff's SSM loan obligation as unpaid.

WHEREFORE, Sally Rivet prays for judgment awarding actual and statutory damages,

costs, and reasonable attorney's fees.

## COUNT IV

37.    The allegations of paragraphs 1 – 36 are incorporated herein as if fully set forth.

38.    Defendant Eclipse violated 15 U.S.C. § 1692e(4) by representing to Plaintiff that she

would be arrested or imprisoned for failing to pay the SSM loan.

WHEREFORE, Sally Rivet prays for judgment awarding actual and statutory damages,

costs, and reasonable attorney's fees.

## COUNT V

39.    The allegations of paragraphs 1 – 38 are incorporated herein as if fully set forth.

40.    Defendant NCP violated 15 U.S.C. § 1692e(4) by representing to Plaintiff that she would

be arrested or imprisoned for failing to pay the SSM loan.

WHEREFORE, Sally Rivet prays for judgment awarding actual and statutory damages,

costs, and reasonable attorney's fees.

## COUNT VI

41.     The allegations of paragraphs 1 – 40 are incorporated herein as if fully set forth.

42.     Defendant Eclipse violated 15 U.S.C. § 1692e(5) by threatening to have Plaintiff arrested

or imprisoned for failing to pay the SSM loan, an action that could not legally be taken without

first obtaining a civil judgment against Plaintiff.

WHEREFORE, Sally Rivet prays for judgment awarding actual and statutory damages,

costs, and reasonable attorney's fees.

## COUNT VII

43.     The allegations of paragraphs 1 – 42 are incorporated herein as if fully set forth.

44.     Defendant NCP violated 15 U.S.C. § 1692e(5) by threatening to have Plaintiff arrested or

imprisoned for failing to pay the SSM loan, an action that could not legally be taken without first

obtaining a civil judgment against Plaintiff.

WHEREFORE, Sally Rivet prays for judgment awarding actual and statutory damages,

costs, and reasonable attorney's fees.

## COUNT VIII

45.     The allegations of paragraphs 1 – 44 are incorporated herein as if fully set forth.

46.     Defendant Eclipse violated 15 U.S.C. § 1692e(10) by deceiving Plaintiff to believe that

she would be arrested or imprisoned for nonpayment to coerce her to pay the SSM loan.

WHEREFORE, Sally Rivet prays for judgment awarding actual and statutory damages,

costs, and reasonable attorney's fees.

## COUNT IX

47.     The allegations of paragraphs 1 – 46 are incorporated herein as if fully set forth.

48.     Defendant NCP violated 15 U.S.C. § 1692e(10) by deceiving Plaintiff to believe that she

would be arrested or imprisoned for nonpayment to coerce her to pay the SSM loan.

        WHEREFORE, Sally Rivet prays for judgment awarding actual and statutory damages,

costs, and reasonable attorney's fees.

## COUNT X

49.     The allegations of paragraphs 1 – 48 are incorporated herein as if fully set forth.

50.     Defendant Eclipse violated 15 U.S.C. § 1692g(a) by failing to inform Plaintiff in its

initial communication of her right to validate the SSM loan.

        WHEREFORE, Sally Rivet prays for judgment awarding actual and statutory damages,

costs, and reasonable attorney's fees.

## COUNT XI

51.     The allegations of paragraphs 1 – 50 are incorporated herein as if fully set forth.

52.     Defendant NCP violated 15 U.S.C. § 1692g(a) by failing to inform Plaintiff in its initial

communication of her right to validate the SSM loan.

        WHEREFORE, Sally Rivet prays for judgment awarding actual and statutory damages,

costs, and reasonable attorney's fees.

## COUNT XII

53.     The allegations of paragraphs 1 – 52 are incorporated herein as if fully set forth.

54.     Defendant Monarch violated G.L. 93A by transferring its legal interest in the SSM loan

to Eclipse after Plaintiff repaid it.

55.     Defendant Monarch violated G.L. 93A by collecting a debt without a Massachusetts

license.

WHEREFORE, Sally Rivet prays for judgment awarding actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; and costs and reasonable attorneys' fees.

## COUNT XIII

56.     The allegations of paragraphs 1 – 55 are incorporated herein as if fully set forth.

57.     Defendant Eclipse violated G.L. 93A by threatening to obtain a warrant for Plaintiff's arrest though it could not lawfully do so.

58.     Defendant Eclipse violated G.L. 93A by transferring its legal interest in the SSM loan to NCP after Plaintiff repaid it.

59.     Defendant Eclipse violated G.L. 93A by collecting a debt without a Massachusetts license.

WHEREFORE, Sally Rivet prays for judgment awarding actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; and costs and reasonable attorneys' fees.

## COUNT XIV

60.     The allegations of paragraphs 1 – 59 are incorporated herein as if fully set forth.

61.     Defendant NCP violated G.L. 93A by threatening to obtain a warrant for Plaintiff's arrest though it could not lawfully do so.

62.     Defendant NCP violated G.L. 93A by collecting a debt without a Massachusetts license.

WHEREFORE, Sally Rivet prays for judgment awarding actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; and costs and reasonable attorneys' fees.

## COUNT XV

63.     The allegations of paragraphs 1 – 62 are incorporated herein as if fully set forth.

64.     Defendant Eclipse was unjustly enriched by unlawfully collecting money from Plaintiff.

WHEREFORE, Sally Rivet prays for judgment awarding actual damages and any

available equitable remedy as this Court deems appropriate.

## COUNT XVI

65.     The allegations of paragraphs 1 – 64 are incorporated herein as if fully set forth.

66.     Defendant NCP was unjustly enriched by unlawfully collecting money from Plaintiff.

WHEREFORE, Sally Rivet prays for judgment awarding actual damages and any

available equitable remedy as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.


SALLY RIVET,
By her attorneys:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
(617) 492-0522
ken@quatlaw.com


*/s/Jose I. Vazquez, Jr.*
BBO #676866
12 Larkin Road
Medford, MA 02155
(508) 864-3539
Jvazqu01@gmail.com